NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted March 11, 2008[*]
Decided April 18, 2008

## Before

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

**No**. 07-2776

NANCY R. MURRAY,
    *Plaintiff-Appellant*,

v.

GMAC MORTGAGE CORPORATION,
    *Defendant-Appellee*.

Appeal from the United
States District Court for the
Northern District of Illinois,
Eastern Division.

No. 05 C 1229
David H. Coar, *Judge*.

## Order

This appeal is controlled by *Murray v. New Cingular Wireless Services, Inc.*, No. 06-2477 (7th Cir. Apr. 16, 2008). Plaintiff contends that the mailer sent by GMAC Mortgage violates the Fair Credit Reporting Act in two ways: First, it does not contain a "firm

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

offer of credit" because some terms, such as the minimum line of credit and maximum fees, were omitted; second, the disclosure of the consumer's right to prevent access to credit records in the future is not "conspicuous." The district court held that the mailing was deficient on both counts, but that statutory damages are unavailable because GMAC Mortgage did not act recklessly when making these errors.

Our opinion in *New Cingular* holds that the omission of material terms is compatible with a "firm offer of credit." As in *New Cingular*, it is conceivable that the offeror's reservation of a right to change terms could be understood as a power not to extend credit even if the consumer continues to meet the criteria used for the screening, but plaintiff has not endeavored to show that GMAC Mortgage understood or used the power in that way. As in *New Cingular*, the suit relies on the text of the offer rather than a course of practice. On this record, GMAC Mortgage made a "firm offer of credit."

As for the disclosure: The language appears in 8-point type on the back side of the flyer. It occupies two of ten paragraphs, all in the same size type. Two of the other eight paragraphs are set off (one by a graphic logo, one by a boldface heading), and because the statutory disclosure is less distinctive than other nearby text it is not "conspicuous." But as in *New Cingular* this error cannot be called reckless. The flyer almost satisfies the FTC's regulatory definition, adopted after this flyer was mailed. The FTC deems 8-point type conspicuous if the first page of a mailing bears a reference, in 12-point type (and equivalent in visibility to other type on the page), to the disclosure on the other side. GMAC Mortgage's mailing contains a reference on the first page, but it is smaller than other type on that page. That GMAC Mortgage came close to meeting the FTC's definition shows that it did not act recklessly, as we understood that term in *New Cingular*.

AFFIRMED